IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARTHUR L. M.,[1]                                    6:19-cv-01851-BR

        Plaintiff,                           OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.


KATHERINE L. EITENMILLER
BRENT WELLS
Harder, Wells, Baron & Manning, P.C.
474 Willamette St.
Eugene, OR  97401
(541) 686-1969

        Attorneys for Plaintiff

BILLY J. WILLIAMS
United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

    [1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.  Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.


1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**ERIN F. HIGHLAND**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2495

       Attorneys for Defendant

**BROWN, Senior Judge.**

     Plaintiff Arthur L. M. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

     For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

     On September 29, 2016, Plaintiff protectively filed his

applications for DIB and SSI benefits.  Tr. 15, 192.[2]  Plaintiff
alleged a disability onset date of March 10, 2015.  Tr. 15, 192.
Plaintiff's applications were denied initially and on
reconsideration.  An Administrative Law Judge (ALJ) held a
hearing on October 31, 2018.  Tr. 29-65.  Plaintiff and a
vocational expert (VE) testified at the hearing.  Plaintiff was
represented by an attorney at the hearing.   At the hearing
Plaintiff amended his alleged disability onset date to June 22,
2010.  Tr. 15, 35.

On December 3, 2018, the ALJ issued an opinion in which he
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 15-24.  Plaintiff requested review by the
Appeals Council.  On September 20, 2019, the Appeals Council
denied Plaintiff's request to review the ALJ's decision, and the
ALJ's decision became the final decision of the Commissioner.
Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On November 18, 2019, Plaintiff filed a Complaint in this
Court seeking review of the Commissioner's decision.

---

[2] Citations to the official Transcript of Record (#9) filed
by the Commissioner on April 21, 2020, are referred to as "Tr."

## BACKGROUND

Plaintiff was born on August 21, 1973.  Tr. 22, 192.
Plaintiff was 41 years old on his alleged disability onset date.
Tr. 22.  Plaintiff has a high-school education and completed two
years of college.  Tr. 22, 43.  Plaintiff has past relevant work
experience as an optical-instrument assembler, glass-blower, and
janitor.  Tr. 22.

Plaintiff alleges disability due to schizoaffective
disorder.  Tr. 35, 71, 192-99.

Except as noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 19-22.

## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110
(9th Cir. 2012).  To meet this burden a claimant must
demonstrate his inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to
last for a continuous period of not less than 12 months."  42

U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th

Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA).  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the

listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since June 22, 2010, Plaintiff's alleged disability onset date.  Tr. 18.

At Step Two the ALJ found Plaintiff has the severe impairments of "Depression/Bipolar and Related Disorder and Personality Disorder."  Tr. 18.

At Step Three the ALJ concluded Plaintiff's medically

determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 18.  The ALJ found Plaintiff has the RFC to perform a full range of work with the following nonexertional limitations:  can only perform simple, routine tasks requiring a reasoning level of 1 or 2 and can only have occasional contact with the public.  Tr. 19.

At Step Four the ALJ concluded Plaintiff is unable to perform his past relevant work.  Tr. 22.

At Step Five the ALJ found Plaintiff can perform other jobs that exist in the national economy such as agricultural-produce packager, cleaner, and store laborer.  Tr. 23.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 23-24.

## DISCUSSION

Plaintiff contends the ALJ erred when he failed (1) to provide legally sufficient reasons for rejecting the medical opinion of Scott Alvord, Psy.D., an examining psychologist; (2) to provide legally sufficient reasons for discounting Plaintiff's subjective symptom testimony; and (3) to consider the lay-witness statement of Ashley N., Plaintiff's niece-in-law.

9 - OPINION AND ORDER

I.   **The ALJ properly discounted the opinion of Dr. Alvord.**

Plaintiff contends the ALJ erred when he failed to provide legally sufficient reasons for rejecting the opinion of Dr. Alvord.

A.   **Standards**

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* When contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest weight . . . even if it does not meet the test for controlling weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007). An ALJ can satisfy the "substantial evidence" requirement by

"setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick,* 157 F.3d at 725.  "The ALJ must do more than state conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citation omitted).

### B.    Analysis

On September 26, 2018, Dr. Alvord performed a psychological evaluation of Plaintiff.  Tr. 646-50.  Dr. Alvord diagnosed Plaintiff with schizoaffective disorder, anxiety disorder, rule-out post-traumatic stress syndrome (PTSD), and mild neurocognitive disorder.  Tr. 650.  Dr. Alvord stated: "Neurocognitive functioning is somewhat impaired although generally I suspect [Plaintiff's] antipsychotic medications are contributing to cognitive slowing as is depression and some distractibility with anxiety. . . .  [Plaintiff] is clearly not functional without said medications and therefore a neurocognitive functioning impact is an unfortunate but necessary side effect related to treatment for the psychotic illness noted prior."  Tr. 650.  Dr. Alvord opined Plaintiff had moderate impairment in his ability to understand, to remember, and to carry out simple instructions.  Tr. 652-53.  He also

opined Plaintiff had marked impairment in his ability to make
judgments as to simple, work-related decisions; to understand,
to remember, and to carry out complex instructions; to make
judgments as to complex, work-related decisions; to interact
appropriately with the public, supervisors, and coworkers; and
to respond appropriately to routine work situations and to
changes in a routine work setting.  Tr. 653.

      The ALJ gave "partial weight" to Dr. Alvord's opinion
"as it agrees with the residual functional capacity" that the
ALJ found.  Tr. 21-22.  The ALJ, however, concluded the severity
of the other limitations assessed by Dr. Alvord was not
supported by the medical records.  Tr. 22.

      The ALJ, however, gave "great weight" to the opinions
of Winifred Ju, Ph.D., and Susan South, Psy.D., nonexamining,
reviewing state-agency consultants.  Tr. 20.  On February 28,
2017, Dr. Ju determined Plaintiff was capable of carrying out
simple, routine "2-3 step" tasks.  Tr. 79.  On May 9, 2017,
Dr. South also indicated Plaintiff was capable of following
basic workplace routines and schedules.  Tr. 103-04.  The ALJ
concluded the opinions of Drs. Ju and South were consistent with
the medical record "as a whole."  Tr. 20.

      Generally the more consistent a medical opinion is

12 - OPINION AND ORDER

with the record as a whole, the more weight [the ALJ] will give to that medical opinion."  20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).  Although the Ninth Circuit has held the opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining or a treating physician (*Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), the court has held a nonexamining physician's opinion may serve as substantial evidence when it is "consistent with other evidence in the record."  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

Here the ALJ noted Plaintiff's medical records were minimal before Plaintiff's alleged disability onset date, and the records that existed show Plaintiff did not actively seek treatment.  Tr. 20.  For example, the ALJ noted Plaintiff was seen in an emergency room in June 2010 for "[a]ltered mental status with severe agitation, fever and tremors.  Likely combination of undiagnosed psychiatric disease, including schizoaffective disorder or bipolar disorder, along with alcohol withdrawal."  Tr. 407.  Plaintiff was discharged with a recommendation for follow-up mental-health treatment, but there is not any evidence that he received such treatment until 2016 when he was evaluated while incarcerated.  Tr. 20, 408.  In

13 - OPINION AND ORDER

fact, during another emergency-room visit in May 2011 the examiner noted "objectively [Plaintiff's] mental status appears within normal limits." Tr. 421. Plaintiff engaged in regular treatment throughout 2016 and 2017 and reported improvement in his symptoms with counseling and medication. Tr. 480, 487, 590, 595-600. In April 2016 Plaintiff denied any mood disturbance, felt emotionally stable, and denied depression. Tr. 468. In July 2017 Plaintiff was stable with "no symptoms." Tr. 584. On August 15, 2016, Plaintiff reported to his mental-health nurse practitioner that he was not depressed or experiencing anxiety. The nurse practitioner found Plaintiff's mental-health status examination was normal and that Plaintiff was at a baseline in symptomology with fair insight and judgment. Tr. 21, 463. In January 2017 Plaintiff stated everything was "going well" and that he had been working out in a gym four times a week. Tr. 21, 485. Plaintiff denied feelings of aggression, irritability, anxiety, or thoughts of violence. Tr. 485. In March 2017 Plaintiff was stable on his current medication regimen. Tr. 480. After July 2017 there is not any evidence that Plaintiff continued to seek treatment for his mental-health problems until he saw Dr. Alvord in September 2018.

    Accordingly, the opinions of Drs. Ju and Scott in

February 2017 and May 2017 respectively were supported by and consistent with other medical records.  The Court, therefore, finds the ALJ did not err when he gave greater weight to their opinions over the opinion of Dr. Alvord.

Plaintiff, nevertheless, contends the ALJ failed to apply the appropriate regulatory factors when examining Dr. Alvord's opinion, which "alone constitutes reversible legal error."  *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017).  Although there must be some indication that the factors were properly considered, the Ninth Circuit has noted the ALJ is not required to make "an express statement that [he] considered all of the factors outline in 20 C.F.R. § 404.1527(c)."  *Kelly v. Berryhill*, 732 F. App'x 558, 562 n.4 (9th Cir. 2018).  Here the ALJ considered whether the medical opinions were supported by the record, and supportability is one of the factors the ALJ must considered under the regulations.  20 C.F.R. §§ 404.1527, 416.927.

On this record the Court concludes the ALJ did not err when he discounted the opinion of Dr. Alvord because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**II.  The ALJ did not err when he discounted Plaintiff's testimony.**

Plaintiff contends the ALJ erred when he failed to provide legally sufficient reasons for discounting Plaintiff's subjective symptom testimony.

**A.  Standards**

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).  The claimant need not show her "impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."  *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).  A claimant is not required to produce "objective medical evidence of the pain or fatigue itself, or the severity thereof."  *Garrison*, 759 F.3d at 1014.

If the claimant satisfies the first step of this

analysis and there is not any affirmative evidence of
malingering, "the ALJ can reject the claimant's testimony about
the severity of her symptoms only by offering specific, clear
and convincing reasons for doing so." *Garrison*, 759 F.3d at
1014-15. *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880,
883 (9th Cir. 2006)(same).  General assertions that the
claimant's testimony is not credible are insufficient. *Parra v.
Astrue,* 481 F.3d 742, 750 (9th Cir. 2007).  The ALJ must
identify "what testimony is not credible and what evidence
undermines the claimant's complaints." *Id.* (quoting *Lester v.
Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

    **B.  Analysis**

      In his Adult Function Report on November 3, 2016,
Plaintiff stated it was hard for him to concentrate and that it
takes him "longer to think about what needs to be done first."
Tr. 238.  He noted on a typical day he drinks two or three cups
of coffee, puts away the dishes, showers, "help[s] around the
house," watches television or plays videogames, makes meals for
his nephews, and goes to bed around 11:00 p.m.  Tr. 239.
Plaintiff indicated his medications make him feel "sedated."  He
can't keep a full-time job, and he feels "somewhat stupid
compaired (*sic*) to before."  Tr. 239.  He keeps to himself, only

spends time with his family, and does not like to go out alone.
Tr. 243-44.

At the hearing on October 31, 2018, Plaintiff
testified he relies on family members or the bus for
transportation.  Tr. 39.  He stated he takes medications that
seem to help with his anxiety and schizoaffective episodes, but
stress is the biggest trigger for his episodes.  Tr. 48, 50.
Plaintiff testified his medications caused comprehension and
memory issues.  Although he believed he was better when he was
off the medications, he knew he needed to take them to control
his episodes.  Tr. 52.  Plaintiff was working with Vocational
Rehabilitation, but he was unable to find employment.  Tr. 49.

The ALJ discounted Plaintiff's testimony on the ground
that his statements were inconsistent with the medical and other
evidence in the record.  Tr. 20.  For example, the ALJ noted
there were "minimal records" in the file before Plaintiff's
alleged disability onset date and that Plaintiff "did not
actively seek treatment."  Tr. 20.  The ALJ indicated
Plaintiff's family assisted him in getting treatment due to
their concerns about Plaintiff's behavior, but Plaintiff "did
not seem to believe any of his reported symptoms were of great
concern."  Tr. 20.  The ALJ also noted Plaintiff was seen in an

18 - OPINION AND ORDER

emergency room in June 2010 for "[a]ltered mental status with
severe agitation, fever and tremors.  Likely combination of
undiagnosed psychiatric disease, including schizoaffective
disorder or bipolar disorder, along with alcohol withdrawal."
Tr. 407.  Plaintiff was discharged with a recommendation for
follow-up mental-health treatment, but there is not any evidence
that he received such treatment until 2016 when he had an
evaluation while incarcerated.  Tr. 20, 408.  In fact, during
another emergency room visit in May 2011 the examiner noted
"objectively [Plaintiff's] mental status appears within normal
limits."  Tr. 421.

        The ALJ noted Plaintiff received regular treatment
throughout 2016 and 2017, and with counseling and medication he
reported improvement in his symptoms.  Tr. 480, 487, 590, 595-
600.  In April 2016 Plaintiff denied any mood disturbance, felt
emotionally stable, and denied experiencing depression.
Tr. 468.  In July 2017 Plaintiff was stable with "no symptoms."
Tr. 584.  On August 15, 2016, Plaintiff reported to his mental-
health nurse practitioner that he was not experiencing any
depression or anxiety, and the nurse practitioner found his
mental-health status examination was normal and that Plaintiff
was at a baseline in symptomology with fair insight and

19 - OPINION AND ORDER

judgment.  Tr. 21, 463.  In January 2017 Plaintiff stated
everything was "going well" and that he had been working out in
a gym four times a week.  Tr. 21, 485.  Plaintiff denied any
feelings of aggression, irritability, anxiety, or thoughts of
violence.  Tr. 485.  In March 2017 Plaintiff was stable on his
current medication regimen.  Tr. 480.

On this record the Court concludes the ALJ did not err
when he discounted Plaintiff's subjective symptom testimony
because the ALJ provided legally sufficient reasons supported by
substantial evidence in the record for doing so.

## III. The ALJ's failure to consider the lay-witness statement of Ashley N., Plaintiff's niece-in-law, is harmless error.

Plaintiff contends the ALJ erred when he failed to consider
the lay-witness statement of Ashley N., Plaintiff's niece-in-
law, regarding Plaintiff's limitations.

### A.   Standards

Lay-witness testimony regarding a claimant's symptoms
is competent evidence that the ALJ must consider unless he
"expressly determines to disregard such testimony and gives
reasons germane to each witness for doing so."  *Lewis v. Apfel,*
236 F.3d 503, 511 (9th Cir. 2001).  The ALJ's reasons for
rejecting lay-witness testimony must also be "specific."  *Stout
v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir.

20 - OPINION AND ORDER

2006).  Germane reasons for discrediting a lay-witness's testimony include inconsistency with the medical evidence and the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). *See also Williams v. Astrue*, 493 F. App'x 866 (9th Cir. 2012).

### B.  Analysis

On November 4, 2016, Ashley N., with whom Plaintiff lived at the time, provided a Third-Party Adult Function Report regarding Plaintiff's limitations.  Tr. 258-65.  Ashley N. indicated Plaintiff "had a hard time with time management," "needs strict step-by-step instructions," and "has a hard time with comprehension."  Tr. 258.  She also noted Plaintiff's medications make him tired and drowsy, and he has severe panic attacks that lead to a "manic state of mind."  Tr. 258.  She indicated Plaintiff spends a lot of time sleeping and needs reminders to shower, but he is able to do household chores with encouragement and step-by-step instructions and he helps take care of his nephews.  Tr. 259-60, 262.

Defendant acknowledges the ALJ did not discuss Ashley N.'s statement in his decision.  Def.'s Brf. (#14) at 13. Because the Court has already concluded the ALJ properly

discounted Plaintiff's testimony, however, the ALJ may also properly discount the similar testimony of Plaintiff's niece-in-law based on the same reasons.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005)(germane reasons for discrediting a lay-witness's testimony include the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant).  Accordingly, although the ALJ erred when he failed to address Ashley N.'s testimony, the Court concludes the error was harmless.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 17th day of December, 2020.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge